WALDEN *v.* INDIANA STATE PERSONEL BOARD.

[No. 30,844. Filed April 1, 1968.]

*Robert M. Brown, Charles S. Brown, Jr.,* of New Castle, and *William S. McMaster,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *John F. Davis,* and *Dennis J. Dewey,* Deputies Attorney General, for appellee.

JACKSON, J.—This is an appeal from the judgment of the Henry Circuit Court in a proceeding for judicial review of the action of appellee, by which judgment the trial court sustained the dismissal of appellant from her employment as an Attendant II, New Castle State Hospital.

In order to keep in proper perspective and clearly delineate the issues here to be determined we deem it advisable to set out in chronological order the various steps taken by the parties hereto. In so doing it will be necessary to set up a short history of matters preceding the discharge of the appellant.

Appellant was first employed at New Castle State Hospital on July 19, 1951. She had completed eleven years and was a permanent employee when she was notified on July 2, 1962 she was discharged effective August 1, 1962.

In 1961 appellant received a letter from Dr. Murray, dated June 28, 1961, being Board's Exhibit 8, reading in pertinent part as follows:

> "According to absentee reports, you have been sick or absent the following number of days each year:
>
> | | |
> |---|---|
> | 1958 | 13 days |
> | 1959 | 15 days |
> | 1960 | 81 ½ days |
> | 1961, including June 27 | 46 days |
>
> According to payroll records, you did not receive full pay for the months of March, July, August, September, and October of 1960. Thus far in 1961, you have not received a full pay for any one month.
>
> The area in which you work depends a great deal on your being at work when assigned. This factor will become doubly important when the Nursing Department begins the 40 hour work week on July 1, 1961.
>
> This letter is to warn you that within the next 6 months, your attendance record must improve satisfactorily, or your services as an Attendant II at New Castle State Hospital will be terminated."

It is quite apparent that during the latter part of the time that appellant worked there was friction over not only her absences but over the fact that at times she called in to advise she would not be able to report for work only a short time before she was to go on duty. On one occasion she went on a vacation to Florida and was some three or four days late in

returning to her work as she was unable to get a seat on a plane until after the time she was due back at work.

On July 2, 1962, by letter of that date from Dr. Murray, being Board's Exhibit 7, appellant was notified as follows:

"You are hereby dismissed and discharged effective July 12, 1962 from your position as Attendant II (256) at the New Castle State Hospital for the following reason:

A very unsatisfactory work record as demonstrated by your failure to improve your attendance record, after you were notified in a letter date June 28, 1961, and read to you on July 14, 1961. Since the date of June 28, 1961, you have been absent a total of 34 days. This does not include CO's and Holidays.

You are hereby suspended 10 days without pay July 2, 1962 pending dismissal July 12, 1962."

Thereafter appellant received another letter dated July 2, 1962, signed by Howard May, Personnel Officer, New Castle State Hospital, being Board's Exhibit 6, and reading as follows:

"This letter is to advise you that the letter of Dismissal which was read to you by Mrs. Mary Savage on July 2, 1962, and which you refused to sign, contains the following error: The effective date of your Dismissal should have read August 1, 1962.

This letter will correct this error."

Thereafter, on July 17, 1962, pursuant to Acts 1941, ch. 139, § 36, p. 386, as amended, being § 60-1336 Burns', appellant, by counsel, requested a hearing before the Indiana State Personnel Board to appeal the decision of William Ellsworth Murray, M.D., Superintendent, New Castle State Hospital, in suspending her from duties pending dismissal, on July 2, 1962.

Thereafter on December 14, 1962, a hearing was had at the offices of the Board at which appellant was present in person and by counsel.

On the 21st day of January, 1963, appellant was notified by letter of the Board's finding of facts and order. Said finding of facts and order reads as follows:

"On December 14, 1962, a hearing was held before the Indiana State Personnel Board in Room 802, Indiana State Office Building, Indianapolis, Indiana, on the appeal of Sarah Walden who was discharged from her employment at the New Castle State Hospital, New Castle, Indiana, on August 1, 1962.

At the hearing Sarah Walden was present in person and by counsel, Robert W. Brown, and the interests of the State of Indiana were represented by Marcus E. Woods, Deputy Attorney General of Indiana.

The Indiana State Personnel Board, having heard the evidence and being duly advised in the premises, now enters the following Finding of Facts and Order:

1. That on or about July 19, 1951, Sarah Walden was employed by the New Castle State Hospital, New Castle, Indiana, in the position of Attendant I.

2. That on or about July 2, 1962, Sarah Walden was suspended pending dismissal and that she was dismissed on or about August 1, 1962.

3. That Sarah Walden was dismissed by the appointing authority of the New Castle State Hospital for the alleged reason that she had a very unsatisfactory work record as demonstrated by her failure to improve her attendance record.

4. That, as an employee of New Castle State Hospital, Sarah Walden earned one vacation day and one sick day for each month of her employment.

5. That Sarah Walden was employed by the New Castle State Hospital on a six-day work week from January, 1960 through June, 1961, and that she was so employed on a five-day work week from July, 1961 through July, 1962.

6. That Sarah Walden was absent from her employment at New Castle State Hospital, over and above the time accrued for vacation leave, sick leave, and earned over time, the following number of days for the years specified:

| YEAR | DAYS ABSENT |
|---|---|
| 1960 | 92½ |
| 1961 | 53 |
| 1962 through July 2 | 19 |

7. That the failure of Sarah Walden to report for work when she was scheduled caused a staffing problem in the New Castle State Hospital and often times resulted in a decrease in patient care.

8. That the absentee record of Sarah Walden from her employment at New Castle State Hospital was excessive, and therefore her work record was very unsatisfactory.

9. That because of Sarah Walden's physical condition, there would be periods of time when she would be unable to work if she were re-employed.

10. That there was no evidence of the fact that Sarah Walden was dismissed from her employment at New Castle State Hospital because of political, religious, racial or social reasons.

NOW THEREFORE, it is the judgment of the Indiana State Personnel Board that the dismissal of Sarah Walden from the New Castle State Hospital, New Castle, Indiana, was for cause and that her dismissal was not for political, religious, racial or social reasons; that the action of the appointing authority of said hospital, William E. Murray, M.D., Superintendent, in dismissing her should be upheld."

Thereafter, pursuant to the provisions of Acts 1947, ch. 365, § 14, p. 1451, as amended, being § 63-3014 Burns' 1961 Repl., appellant filed her petition for judicial review in the Henry Circuit Court. She also filed her Praecipe for Transcript of the proceedings before the Board for the use of the Henry Circuit Court. Receipt of a copy of the Praecipe was acknowledged February 4, 1963, by the Secretary of the Board.

Appellant filed an amended petition for judicial review; and thereafter filed her Third Amended Petition for Judicial Review.

The pertinent parts of appellant's third amended petition, which formed the issues, reads as follows, to-wit:

"7. That said purported Order of the Indiana Personnel Bureau is arbitrary, capricious and an abuse of discretion, and other-wise not in accordance with the law of the State of Indiana, in the following respects, to-wit:
A. It wrongfully concludes that having an unsatisfactory work record was a violation of the Laws of the State of Indiana.

B. It wrongfully concludes that having an unsatisfactory work record is against the Policy of the New Castle State Hospital, New Castle, Indiana.

C. It fails to find from the incontroverted evidence that Sarah Walden was in fact ill the days she did not report for work.

D. Purported Finding #6 wrongfully fails to find that Sarah Walden on the days absent from her employment, did follow the rules and regulations of the Indiana State Personnel Bureau and did notify the New Castle State Hospital of her illness and did submit Doctors statements in support thereof.

E. Purported Finding #7 wrongfully concludes that Sarah Walden caused a staffing problem at the New Castle State Hospital; the uncontroverted evidence shows she followed the rules and regulations of the Indiana State Personnel Bureau, pertaining to sickness and absences.

F. Purported Finding #8 wrongfully concludes that Sarah Walden's absences from her employment at the New Castle State Hospital was excessive and work record was unsatisfactory, and it failed to find that the Indiana State Personnel Bureau regulations provide for sick leave.

G. Purported Finding #9 wrongfully concludes that Sarah Walden, because of her condition would be unable to work if she were re-employed; and it failed to find that uncontroverted evidence shows that her health was improved.

H. It sustains the dismissal of a regular employee of ten (10) years service, without evidence that Sarah Walden's physical condition would prevent her from working for periods of time in the future.

I. It fails to find that Sarah Walden from uncontroverted evidence, did report her absences and did follow the Indiana State Personnel Bureau regulations concerning sickness.

J. It sustains the action of dismissal when there are no legal grounds for said dismissal.

K. Purported Finding #10 is unsupported by substantial evidence.

L. It fails to find from the undisputed evidence that Sarah Walden was ill on the days absent and that she complied with the regulations of the Indiana State Personnel Board.

M. It fails to find from the uncontroverted evidence that Sarah Walden's health had improved.

N. It fails to find that Sarah Walden had a satisfactory work record and that her absences were not excessive.

O. It failed to find that Sarah Walden did not create a staffing problem at the New Castle State Hospital, and that she did not decrease patient care.

8. That said order is contrary to the Constitutional Rights of Sarah Walden, guaranteed under the Constitution of the United States, Amendment XIV, Section One, in the following respects, to-wit:

A. That said order does not follow the charges upon which Sarah Walden was dismissed, and in effect sustains said dismissal for reasons and grounds with which she was not charged, and against which she had no notice to defend herself, all without due process of Law.

B. Said finding and order sustained the dismissal of Sarah Walden without informing her or being informed of or having notice of any Policy of the New Castle State Hospital, whereby, absence due to illness was a ground for dismissal or of any Law of the State of Indiana, whereby such absence was illegal and grounds for dismissal.

C. Said order sustains the dismissal of Sarah Walden for violation of Policy when such Policy is unreasonable, without legislative authority and without due process of Law.

D. That said finding based upon a charge of violation of Policy is too indefinite and uncertain to be a basis for dismissal and too indefinite and uncertain to inform Sarah Walden of the nature or [sic] the offense and the reason for dismissal, all without due process of Law.

E. That said order is discriminatory and denies to Sarah Walden, the equal protection of the Laws in that it sustains the dismissal of Sarah Walden without Policy or Law as a basis for said decision.

9. That the order is in excess of statutory jurisdiction and authority, in that it sustains the dismissal of Sarah Walden, without any proof of findings that said dismissal was made for cause as required by the Acts of 1941, Chapter 139, Section 35.

10. That said order is unsupported by substantial evidence in the following respects, to-wit:

A. The record is entirely devoid as to any rule or regulation, established Policy of the New Castle State Hospital, or Indiana Department of Mental Health, or law of the State of Indiana upon which this charge is based.

B. That Sarah Walden was willfully sick and willfully caused a staffing problem at the New Castle State Hospital.

C. That Sarah Walden willfully caused a decrease in patient care.

D. That Sarah Walden would, during periods be unable to work if returned to her employment.

E. That Sarah Walden willfully violated any rules or regulation of the Indiana State Personnel Bureau or of the State of Indiana, pertaining to absences due to sickness.

F. That Sarah Walden was not dismissed from her employment because of political, religious, racial or social reasons.

G. There was no evidence that she willfully failed to report for work.

WHEREFORE, this Petitioner prays for a Judicial Review of the cause of dismissal, facts of dismissal and of the law, and that the purported order or resolution of dismissal be set aside and that Sarah Walden be reinstated as an Attendant (II) under the Indiana State Personnel Bureau Act, that her back wages be paid, and for all relief right and proper in the premises."

Thereafter on January 28, 1965, appellee filed its answer to appellant's third amended petition for a judicial review as follows:

"Defendants, and each of them, deny all allegations which may be material and which are contained in Rhetorical Paragraphs numbered 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of the aforesaid PETITION."

On July 1, 1965, the Henry Circuit Court filed its findings of fact, conclusions of law and judgment, which, omitting formal parts, reads as follows, to-wit:

## "FINDINGS OF FACT ON CONCLUSIONS ON LAW AND JUDGMENT

The above caption, cause of action, was submitted to the court pursuant to the provision of the acts of 1947, Ch. 365, Sec. 14-18, as amended, and after an examination of the transcript submitted on judicial review, the court now enters the following 'Finding of Fact on Conclusions of Law and Judgment.'

### FINDING OF FACT

1. That from the nineteenth day of June, 1951, until the second day of July, 1962, the Appellant, Sarah Walden, was employed as an attendant by the New Castle State Hospital, New Castle, Indiana.

2. That on the second day of July, 1962, the Appellant was notified by proper authority of her suspension pending dismissal, said dismissal to be effective on July 12, 1962.

3. That Appellant requested a hearing before the Indiana State Personnel Board within the limits prescribed by law and said hearing was had on the fourteenth day of December.

4. That the Appellant while an Attendant during the years 1960, 1961 and 1962 was absent from work and without authorized leave and pay, excessively.

5. That the failure of Appellant to report to work as scheduled caused a management problem in the New Castle State Hospital and resulted in extra work on other employees in caring for the patients.

### CONCLUSIONS OF LAW

1. That the work record of the Appellant, Sarah Walden, was unsatisfactory.

2. That the Appellant, Sarah Walden, was dismissed for good cause.

3. That the determination of the Indiana State Personnel Board was by statutory authority and procedure.

4. That the said determination was based upon substantial evidence and not contrary to law.

### JUDGMENT

The determination of the Indiana State Personnel Board is affirmed and the petition of Sarah Walden is hereby denied."

Thereafter, on July 14, 1965, appellant filed her notice in the Henry Circuit Court of her intention to appeal said cause to this Court. On the same day appellant filed in said court her appeal bond in the sum of $200.00, being the amount fixed by the court, which bond was approved by the court.

Appellant's Assignment of Errors, omitting formal parts thereof, reads as follows:

"The appellant avers that there is manifest error in the judgment and proceedings of the Henry Circuit Court in this cause, which is prejudicial to appellant, in this;

1. The finding of facts are contrary to evidence.

2. The finding of facts are contrary to law.

3. The judgment of the Court is unsupported by substantial evidence and is contrary to law.

4. There was no substantial evidence to support the action of the Indiana State Personnel Board in affirming the dismissal of the appellant.

5. The Court erred in its conclusion law number 1.

6. The Court erred in its conlusion law number 2.

7. The Court erred in its conclusion law number 3.

8. The Court erred in its conclusion law number 4.

WHEREFORE, appellant prays the Court that the judgment heretofore entered against the appellant be reversed."

One of the controlling statutes governing judicial review is § 63-3014, *supra*, which provides inter alia:

" . . . determination so made by said agency, and alleging specifically wherein said order, decision or determination is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence.
 . . . ."

Review by the trial court of the actions of an administrative board pursuant to the Administrative Judicial Review Act is not a trial de novo, but is based solely upon the records of the board's proceedings. Acts 1947, ch. 365, § 18, p. 1451, being § 63-3018 Burns', 1961 Repl. The board, not the court, determines the issues of fact. The court cannot weight conflicting evidence which appears in the record of the board's hearing for the purpose of determining for whom it preponderates. *Indiana Board of Pharmacy* v. *Horner* (1961), 241 Ind. 326, 172 N. E. 2d 62.

If there is any substantial evidence to support the finding of the board, the court may not disturb the board's decision. *Board of Medical Registration and Examination* v. *Armington* (1961), 242 Ind. 436, 178 N. E. 2d 741.

After careful examination of the record before the Indiana Personnel Board and the trial court, we conclude there was sufficient evidence to support the judgment. We are unable to find any errors in the proceedings below.

The judgment is affirmed.

Lewis, C. J. and Arterburn, Hunter and Mote, JJ. concur.

NOTE.—Reported in 235 N. E. 2d 191.