THE AERONAUTICS COMMISSION OF INDIANA *v*. RADIO INDIANAPOLIS, INC., D/B/A WFMS-F.M.

[No. 2-775A192. Filed April 25, 1977. Rehearing denied June 21, 1977.]

*Theodore L. Sendak,* Attorney General, *William E. Daily,* Deputy Attorney General, for appellant.

*Ronald C. Smith,* of Greenwood, for appellee.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

The State of Indiana, on behalf of respondent-appellant, The Indiana Aeronautics Commission (I.A.C.), seeks judicial review from the trial court's judgment reversing the I.A.C.'s decision denying petitioner-appellee's, Radio Indianapolis,

Inc., d/b/a WFMS-F.M. (WFMS), request to increase the size of their radio tower from 320 feet high to 720 feet high.

The facts necessary for our disposition of this appeal are as follows: WFMS is a radio station located at 2255 North Hawthorne Lane, Indianapolis, Indiana, operating by authority granted from the Federal Communication Commission. WFMS, unsatisfied with its present competitive status because of its 320 foot radio transmitting tower, applied to the I.A.C. for permission to construct a new 720 foot transmitting tower at its present site. IC 1971, 8-21-7-5 (Burns Code Ed.). WFMS's request was denied. WFMS then sought a hearing on its application before the I.A.C. IC 1971, 8-21-7-7 (Burns Code Ed.).

At the hearing I.A.C. offered only the testimony of Ervin Schnuck. Schnuck testified that as an expert in air traffic control it was his opinion that the 720 foot radio tower sought to be constructed by WFMS would be hazardous to air traffic at the proposed location. However, on cross-examination, Schnuck admitted that he was not familiar with WFMS's petition or the location of the proposed tower other than what Mr. Lewis, an I.A.C. panel member, had told him. Further, VFR Pilots can obtain sectional charts depicting tall structures. Schnuck also testified that Federal Aviation Administration Rules require that a VFR Pilot, in congested areas, maintain a floor of 1,000 feet above the highest obstacle in the area. Also, it was his opinion that any tower above 300 feet was a hazard to flight.

WFMS introduced the following evidence. A determination letter issued by the FAA following a study of the proposed site that the proposed 720 foot tower would not be a hazard to air navigation. Larry Creakbaum, chief engineer for the I.A.C., testified that the proposed tower would not adversely affect airport travel. WISH-TV has a 1,000 foot transmitting tower southeast of WFMS's existing tower.

On April 2, 1975, the trial court made the following pertinent findings of facts:

"Findings of Fact

\* \* \*

4. That the court now finds that the decision of the Commission is not supported by substantial evidence on the record as required by law. The only adverse witness presented to the Commission was one Irvin Schnuck, a Commission employee who admitted he was not knowledgeable with the petitioner's application, and that he had not reviewed the application or file of the petitioner; yet he testified that in his opinion any structure over 300 feet above ground level would be a hazard to aviation; however, petitioner's witness, Cree[a]kbaum, the Commissioner's own chief engineer, testified that the tower would not be a hazard to any airport operation. The court, therefore, finds that such evidence falls far short of the statutory requirement that the decision of an administrative agency be supported by substantial evidence.

5. The court further finds that the purpose for the denial of petitioner's application relates to the preference of the Aeronautics Commission that radio and television transmitting antennas be grouped in so-called 'antenna farms,' said antenna farm in the instant case being geographically located approximately in the northwestern quadrant of Marion County, Indiana. The Commission heard testimony from petitioner's witnesses that it was precluded by Federal Communications Commission's short spacing requirements to establish a transmitting tower in the aforesaid area. The court further finds that the record shows that there exists in the a[s]outheast portion of Marion County a radio and television transmitting tower extending 1,000 feet above the ground. The court further finds that the application of such a policy in the instant case is arbitrary, capricious, and an abuse of the Commission's discretion.

6. The court further finds that the Aeronautics Commission erred in excluding the testimony of petitioner's witness, Dutton, as to ground values in the area commonly known as the 'antenna farm'. The court finds that the statute involved requires the Commission to consider evidence dealing not only with air safety but with economic conditions and consequences that may result from the Commission's actions.

7. The court further finds that the hearing granted the petitioner by the Aeronautics Commission was so defective in granting petitioner an opportunity for a fair hearing so as to constitute a violation of petitioner's constitutional right to a fair and impartial hearing and that the hearing as conducted was conducted in an arbitrary and capricious manner. As support for this finding the court notes that during the presentation of the petitioner's case the Commission chairman, the person charged with the responsibility of conducting the aforesaid hearing, left the room for a period of time. Additionally, the court considers the admission of a Commission member, Lewis, that he had assisted the Commission's witness, Schnuck, in the preparation of Schnuck's testimony.

8. The court finds that on formal hearing before the Aeronautics Commission the petitioner was not required to rebut or overcome any prior adverse determination but that the Commission is charged by statute with the responsibility of considering the evidence presented at said formal hearing.

* * *"

WFMS raises several assignments of error. However, owing to our disposition of this appeal, we need discuss at length only the following alleged errors:

I. Whether the I.A.C. has properly invoked the jurisdiction of this court.

II. Whether the I.A.C.'s judgment denying WFMS's application for a permit is supported by substantial evidence.

III. Whether the trial court exceeded its power when it ordered the I.A.C. to issue a permit to WFMS.

I.

WFMS initially challenges the jurisdiction of this court to reach the merits of the State's motion to correct errors. WFMS argues that since the State failed to file a "Notice of Intent to Appeal" with the trial court within 15 days from the rendition of judgment this appeal should be dismissed.

IC 1971, 4-22-1-19 (Burns Code Ed.) provides as follows:

"Appeal from judgment of reviewing court—Notice and bond.—An appeal from the judgment of said court including an order remanding said cause may be prosecuted by either party directly to the Supreme Court as in civil causes, providing *a notice of intention to appeal therefrom shall be filed with said circuit or superior court within a period of fifteen [15] days from the date of said judgment,* together with an appeal bond conditioned that the appellant will duly prosecute said appeal and pay all costs if the decision of the Supreme Court shall be determined against him with surety approved by the court. Provided, no such bond shall be required of the state of Indiana, its agencies or instrumentalities unless otherwise specifically required by statute. *No motion for a new trial shall be required or permitted prior to taking such appeal* to the Supreme Court of Indiana. . . ." (Our emphasis)

The record discloses that the trial court entered its judgment on April 2, 1975. On May 1, 1975 the State filed a motion to correct errors.

The State properly invoked the jurisdiction of this court by timely filing a motion to correct errors.

It is now well settled that it was unnecessary, and would have been a useless act, for the State to file a Notice of Intent to Appeal. The necessity for so doing was usurped by the enactment of our new trial rules which became effective on January 1, 1970, which superseded IC 4-22-1-19 to the extent that a motion to correct errors was not permitted to perfect an administrative appeal from the trial court. *Indiana Stream Pollution Control Bd.* v. *United States Steel Corp.* (1974), 262 Ind. 199, 313 N.E.2d 693; *Indiana State Personnel Bd.* v. *Wilson* (1971), 256 Ind. 674, 271 N.E.2d 448.

## II.

The State argues that the trial court erred in finding that the judgment of the I.A.C. was not supported by substantial evidence.

IC 1971, 4-22-1-18 (Burns Code Ed.) provides as follows:

"Judicial review—Procedure.—On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [4-22-1-1—4-22-1-30].

"On such judicial review, *if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence,* such agency's finding, decision or determination shall not be set aside or disturbed.

"If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(b) *Unsupported by substantial evidence,* the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment." (Our emphasis)

We recognize that it is improper for a trial court when reviewing agency action to weigh the evidence in the record *de novo* for the purpose of determining for whom it preponderates. If there is any substantial evidence in the record to support the judgment of the board it would be error for the trial court to reverse the judgment of the board as being unsupported by the evidence. *Walden* v. *Indiana State Personnel Bd.* (1968), 250 Ind. 93, 235 N.E.2d 191. However, the above rules of judicial restraint presuppose that there is some evidence of probative value to support the judgment of the board.

It is the opinion of this court that the judgment of the I.A.C. denying WFMS its construction permit was not supported by substantial evidence of probative value as required by IC 1971, 4-22-1-18, *supra*. The only record evidence to support the I.A.C.'s judgment was the opinion given by Schnuck that the proposed new tower would be a danger to aviation. However, Schnuck was personally unfamiliar with WFMS's application for permit or the exact site where the proposed tower was to be built. Such testimony cannot properly be considered substantial evidence that the proposed tower was a danger to flight. *Walden* v. *Indiana State Personnel Bd., supra.* Nor is our opinion altered by the fact that a pilot may disobey FAA regulations by flying too low and thereby run the risk of crashing into the proposed tower. That risk would exist as to any object protruding above the ground.

### III.

The State argues that the trial court exceeded its power when it ordered the I.A.C. to grant WFMS the permit it sought rather than remanding the case to the I.A.C. for further proceedings. The State is correct in its contention.

IC 1971, 4-22-1-18, *supra,* provides *inter-alia:*

"* * *

If such court finds such finding, decision or determination of such agency is:

(1)  . . .
(2)  . . .
(3)  . . .
(4)  . . .
(5)  Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. *The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.*

* * *"  (Our emphasis)

It has previously been determined that the reviewing court is without power to compel agency action as part of its initial

review function. It can only remand the case for rehearing. *Indiana State Teachers Retirement Bd.* v. *Smock* (1975), 165 Ind. App. 429, 332 N.E.2d 800; *Indiana Alcoholic Beverage Comm.* v. *Johnson* (1973), 158 Ind. App. 467, 303 N.E.2d 64.

The State challenges several additional findings of fact made by the trial court. Because some of these assignments of error do have merit we will discuss them briefly. However, because we are in accord with the independent finding made by the trial court that the decision of the I.A.C. was not supported by sufficient evidence a reversal of the trial court's judgment is not required.

We agree with the State that I.A.C.'s determinaton to centrally locate radio towers is not arbitrary or capricious. To centrally locate radio towers could increase flight safety. However, the I.A.C.'s decision to deny a permit to build a tower outside of a defined area because it would be a hazard to air travel must be based on substantial evidence *establishing the hazard.* The mere belief that it would be safer to build the tower in a defined area is not substantial, or for that matter, any other kind of evidence.

We agree with the State that WFMS was not denied a fair hearing because one of three hearing examiners left the room temporarily. There were two members of the commission remaining to preside over the hearing, and the testimony was being recorded.

We disagree with the State's contention that the I.A.C. was correct in excluding economic evidence concerning the cost which WFMS could have incurred if forced to build its tower at a location other than at its existing site. Although the safety of the public both in the air and on the ground is the paramount concern of the I.A.C., when reviewing an application to build a radio tower, the costs to the applicant of alternative sites should also be a matter of concern to it.

We now hold that the trial court's Findings of Facts Nos. 4, 6 and 8 are correct and affirm this cause as to them. We hold further than the trial court's Findings of Facts Nos. 5 and 7 are erroneous and reverse as to them.

This cause is now remanded to the trial court with instructions to remand this cause to the I.A.C. for further proceedings not inconsistent with this opinion.

Affirmed and remanded in part, reversed in part.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 361 N.E.2d 1221.