INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.* LAMB ET AL.

[No. 470S91. Filed March 3, 1971.]

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, *Edward Squier Neal,* Deputy Attorney General, for appellant.

*John F. Neff, Lieber & Neff,* of Indianapolis, for appellees.

GIVAN, J.—This Court has jurisdiction of this appeal under the provisions of Chapter 390, § 3, of the Acts of 1969 as found in Burns Ind. Stat., 1970 Supp., § 12-549, which section reads as follows:

"Whenever any application for the issuance or renewal of any permit to sell any alcoholic beverage at retail (except a temporary alcoholic beverage permit issued under the

provisions of section 12 [§ 12-511] of chapter 226 of the Acts of 1935, as amended) is denied by the Indiana alcoholic beverage commission, the applicant may seek judicial review thereof by following the applicable provisions of the Administrative Adjudication Act, Acts 1947, chapter 365 [§§ 63-3001—63-3030] as amended."

This act carried a specific proviso that it should be applicable to proceedings instituted subsequent to July 1, 1969.

The appellees applied for a renewal of a three-way Alcoholic Beverage permit in July, 1969. In August, 1969, the Monroe County Alcoholic Beverage Commission conducted a hearing at which the appellees were advised that the Commission was considering police complaints and phone calls regarding the petitioners' operation which would necessitate refusal of the petitioners' application. At the hearing the Monroe County Prosecutor, Thomas Berry, testified as to prostitution activities on appellees' premises, including one conviction for such activity. The appellees appealed the denial of their application to the Indiana Alcoholic Beverage Commission, which Commission affirmed the decision at a regular meeting without a hearing. Appellees then appealed to the Marion County Superior Court, Room 1, which reversed the Commission and made findings of fact that in the hearing before the Monroe County Alcoholic Beverage Commission the appellees were denied the right to sworn testimony; that they were denied the right to cross-examine certain witnesses and to refute hearsay evidence, and that before the Indiana Alcoholic Beverage Commission the appellees were denied a right to a hearing, were denied the right to have an attorney present at a hearing and were denied the right to submit evidence or cross-examine witnesses. Upon these findings the court rendered judgment ordering the Indiana Alcoholic Beverage Commission and its agent, the Monroe County Alcoholic Beverage Commission, to issue to appellees their renewal Alcoholic Beverage permit.

We find from the record in this case that the findings of the trial judge as above set out were correct. Under the

Administrative Adjudication Act, Burns Ind. Stat., 1951 Repl., §§ 63-3001—3030, inclusive, the appellees were entitled to an opportunity to be heard and to present evidence before the Alcoholic Beverage Commission. They were also entitled to the right of cross-examination under the statute. However, the appellant contends the trial court erroneously usurped the authority of the Commission when it ordered the Commission to renew the appellees' license.

Burns Ind. Stat., 1961 Repl., § 63-3018 reads as follows:

"On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [§§ 63-3001—63-3030].

"On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

"If such court finds such finding, decision or determination of such agency is:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(2) Contrary to constitutional right, power, privilege or immunity; or

"(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(4) Without observance of procedure required by law; or

"(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written finding of facts, which may be informal but which shall encompass

the relevant facts shown by the record, and enter of record its written decision and order or judgment."

The purpose of the Administrative Adjudication Act (and this section in particular) is to provide for a scope of review of administrative actions; thus, at the same time limiting judicial review of such action. See *Dept. of Financial Inst.* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N. E. 2d 248, 19 Ind. Dec. 296.

In the aforementioned case this Court stated:

"It is to be noted that the trial court, in reviewing the administrative decision, cannot retry the facts 'de novo' and cannot come to its own conclusions as to the merits of the case by weighing the facts and evidence. We have held that even though the statute (as in the case of proceedings before the Public Service Commission) provides that the appeal shall be 'de novo', constitutionally this is not correct. The court cannot hear the matter as a new action and weigh the evidence and determine the facts on the merits. . . . The court's only right or scope of review is limited to a consideration of whether or not there is any substantial evidence to support the finding and order of the administrative body. A court may also determine whether or not the action constitutes an abuse of discretion and is arbitrary or capricious, as revealed by the uncontradicted facts. *Public Service Commission et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Indiana Board of Pharmacy* v. *Horner* (1961), 241 Ind. 326, 172 N. E. 2d 62.

"In *Public Service Commission of Indiana* v. *Chicago, I. & L. Ry. Co.* (1956), 235 Ind. 394, 132 N. E. 2d 698, reh. den. 134 N. E. 2d 53, this Court said:

'The purpose of a judicial review of an administrative order by the court is not to decide the matter on the merits for the administrative body but rather solely to determine whether or not the order made by the administrative body was outside the limits and jurisdiction of such body. Once the matter of jurisdiction is determined the court has no further right to interfere with an administrative procedure which belongs to another department of the government—not the judiciary. As a court, we have no right to substitute our judgment on the merits of an issue before an administrative body acting within its jurisdiction.' "

Thus, even though the Act contains ambiguities judicial re-review of administrative decisions must be properly limited and the trial court may not substitute its discretion for that of the board.

The trial court in the instant case by taking the initiative and ordering the board to grant the three-way permit which was applied for by the appellees has obviously substituted its discretion for that of the board and come to its own conclusions on the merits of the case, contrary to the holding of this Court in the *State Bank of Lizton* case, *supra*.

Although the record in this case clearly indicates that the appellees did not receive due process in the hearing either at Bloomington or before the State Commission, neither does the record contain evidence which would justify the Marion County Superior Court in finding that the license renewal should be issued. The record before us does not justify the denial nor does it justify the order of issuance of the permit.

The trial court is, therefore, reversed insofar as his order of granting the permit is concerned. The cause is, therefore, remanded to the trial court with instructions that the same be remanded to the Indiana Alcoholic Beverage Commission for further action not inconsistent with this opinion.

In making this decision we are not unaware of the fact that the renewal applied for by the appellees had it been granted would have expired by this time.

IT IS, THEREFORE, FURTHER ORDERED that at the time the cause is remanded to the Indiana Alcoholic Beverage Commission the appellees be permitted to amend their application for renewal in order that it may be considered to be a current application.

Arterburn, C.J., and Hunter, J., concur; DeBruler, J., dissents with opinion in which Prentice, J., concurs.

### DISSENTING OPINION

DeBRULER, J.—I would affirm the decision of the trial court in this case and uphold the relief he granted to the plaintiff-

petitioners in his judgment. In pertinent part the trial court judgment reads as follows:

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by the court as follows:

"1. That the relief prayed for by plaintiff-petitioners in their Verified Petition for Review be and the same is hereby granted.

"2. That the decision of the Monroe County Alcoholic Beverage Commission rejecting plaintiff-petitioners Application for Renewal of Alcoholic Beverage Permit No. 64952, and the subsequent action of the Indiana Alcoholic Beverage Commission on August 19, 1969, sustaining the rejection of plaintiff-petitioners' application, be, and the same hereby are set aside and annulled.

"3. That the Indiana Alcoholic Beverage Commission and its agent, the Monroe County Alcoholic Beverage Commission, be and the same are hereby ordered to issue to plaintiff-petitioners, Joseph J. Lamb and Geneva Yarbrough, their Renewal Alcoholic Beverage Permit No. 64952 for the period of September 1, 1969, to and including August 31, 1970."

The Commission in its brief concedes that the trial court in paragraph two of its judgment properly set aside the decision of the Commission. The following statement in the Commission's brief clearly establishes this.

"The lower court rightfully found that the Commission had not complied with procedural requirements of the Administrative Adjudication and Court Review Act and that the Commission's decision was not supported by substantial, reliable and probative evidence."

It is the sole contention of the Commission that the trial court committed error in ordering the Commission to issue the permit in paragraph three of its judgment. Appellant's brief continues as follows:

"However, rather than setting aside the decision of the Commission and remanding for further proceedings, the lower court ordered the Commission to issue Applicants a renewal license.

"The effect of the lower court's order is to renew Applicants' Alcoholic Beverage Permit. The legislature invested the Commission with sole authority to renew Alcoholic

Beverage Permits. The legislature invested the lower court with authority to review the decisions of the Commission. The lower court exceeded its authority when, in effect, it renewed Applicants' license and hence should be reversed.

"Under the provisions of this statute, the reviewing court may not substitute its judgment for that of the Commission."

The following language of I.C. 1971, 4-22-1-18, being Burns § 63-3018, being the Administrative Adjudication and Court Review Act, authorizes reviewing courts to compel an administrative agency to issue a permit:

"The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed."

In this case the appellee is the holder of permit which was required by law to be renewed each year. The local board denied the renewal. On appeal, the State Commission denied the renewal. On review, the trial court set aside the order of the Commission denying the renewal and ordered the Commission to renew the permit for a period of *one year*. On appeal to this Court, the Commission concedes that the trial court properly set aside its order denying the renewal. In my opinion this is a case in which lawful agency action was "unreasonably delayed" and in which a remand order by the trial court would have resulted in further delay, and in which the trial court properly ordered the appellees' permit renewed for a period of one year.

Prentice, J., concurs.

NOTE.—Reported in 267 N. E. 2d 161.