INDIANA ALCOHOLIC BEVERAGE COMMISSION, OTT FRYE, AS MAYOR OF WASHINGTON, INDIANA, ROBERT M. HAMILTON, AS CHIEF OF POLICE OF WASHINGTON, INDIANA, AND RALPH MORGAN, AS SHERIFF OF DAVIESS COUNTY, INDIANA v. MARY ALICE JOHNSON.

[No. 272A109. Filed November 8, 1973. Rehearing denied and injunction denied April 25, 1974. Transfer denied July 12, 1974.]

*Theodore L. Sendak,* Attorney General, *Mark Peden, David Kreider,* Deputy Attorneys General, for appellant.

*Joseph F. Quill,* of Indianapolis, *John G. McNutt,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—Defendant-Appellant Indiana Alcoholic Beverage Commission (ABC) appeals from trial court judgment setting aside its order denying Appellee Mary Alice Johnson (Johnson) renewal of her expired three-way permit.

We reverse.

## FACTS

Johnson, a school teacher, held a beer, liquor and wine permit for A. C.'s Tavern in Washington, Indiana.

As her permit was due to expire on October 18, 1970, she applied for a renewal of her permit to the Daviess County Liquor Board, which denied the application. On appeal, ABC sustained the local Board's decision.

At the hearing before the ABC, testimony in opposition to renewal of the permit was received from the prosecuting attorney of Daviess County, a Washington police captain, an investigator of the ABC, and a member of the Daviess County Liquor Board. Their testimony was that this tavern did not have a high and fine reputation. They described numerous disturbances at the tavern including fights inside and outside the tavern, a shooting incident, serving liquor to intoxicated persons, jail inmates and a minor, and failure to cooperate with the police to maintain order. The police captain also testified that about 90% of their calls to taverns during the preceding year were to this tavern (11 or 12 complaints on file).

Testimony was also heard from Johnson who admitted to more than five incidents involving the tavern; also that the license was in her name because her husband had been convicted of second degree burglary. Her husband, A. C. Johnson, testified he worked at the tavern daily and witnessed some of the incidents in question.

Johnson's witnesses testified as to the tavern's high and fine reputation for decency and law obedience and that the reported disturbances were not the fault of Johnson.

In denying the permit renewal, ABC made several findings of fact:

"1. The applicant filed an application for a beer, wine and liquor retail permit with the Indiana Alcoholic Beverage Commission for the period October 18, 1970, to and including October 17, 1971, with respect to premises located at 20 S. E. 4th Street, Washington, Daviess County, Indiana.

"2. That the applicant's husband, A. C. Johnson, who was convicted of second degree burglary in 1947, takes an active part in operating the business for which the permit is sought.

"3. That the permit premises have been the scene of numerous disturbances and altercations, particularly during those hours when A. C. Johnson is on the premises.

"4. That the applicant fails to cooperate fully with the local police and fails to seek their assistance in controlling troublesome situations which occur on the premises, thereby endangering her patrons.

"5. That applicant does not consistently enforce the law prohibiting the sale of beer, wine and liquor to intoxicated persons.

"6. That, as a result of the above facts, the premises does not have a high and fine reputation in the community.

"7. That the Daviess County Local Alcoholic Beverage Board recommended that renewal of the permit be denied."

On November 5, 1970, Johnson filed a Petition for Judicial Review and Order Staying Revocation of Permit Pending Review on Appeal in the Marion Superior Court, Room No. 6, which Petition was granted. The trial court also ordered the ABC to file a transcript of the proceedings, and it complied.

Then on November 11, 1971, the court after reviewing the transcript, set aside the ABC order rejecting renewal of Johnson's three-way permit and ordered ABC "to forthwith issue such permit". In doing so its judgment in pertinent part provided:

> "The Court herein finds that the law is with the petitioner and that the action and decision of the several defendants, and each of them, acting at the Indiana Alcoholic Beverage Commission, was arbitrary, capricious and not in accordance with the law for the reason that the petitioner had never been arrested or cited before the respondent Commission for any infraction of the law, or infraction of any rule of the Commission, during the license period preceding the requested renewal period; that the business of the petitioner held a high and fine reputation in the community of Washington, Indiana; that no arrests were made during said period of time on petitioner's premises, nor was petitioner apprised of any complaints, that petitioner was never notified that there was any objection to the renewal of her permit prior to the day same was submitted to the said Daviess County Board on September 18, 1970, and that the main objection to the operation of the subject tavern business was directed towards the petitioner's husband and not the petitioner.

> "The Court further finds that petitioner retains a right of property in her said alcoholic beverage permit and the renewal thereof and that the defendant, Indiana Alcoholic Beverage Commission, did not make an informal finding of fact encompassing the relevant facts shown in the evidence and incorporate same into its decision, nominated Exhibit "B" attached to petitioner's petition, in derogation of the applicable statutes under the Indiana Administrative Adjudication Act."

## ISSUES

A decision in this case can be reached by deciding two issues:

ISSUE ONE. Did the trial court exceed statutory limits of judicial review of administrative agency decisions as defined by the Administrative Adjudication Act?

ISSUE TWO.   Did the trial court err by ordering ABC to issue a renewal permit to Johnson?

As to ISSUE ONE, ABC contends that the trial court exceeded its proper scope of review as provided by the Administrative Adjudication Act (hereinafter A.A.A.). Specifically, ABC argues that the reviewing court could not have found Johnson's tavern to have a high and fine reputation because this was a determination reserved for ABC to make, reversible only if unsupported by substantial evidence. The court erred by going to the merits of the case by weighing the conflicting evidence which appeared in the record of the Commission's hearing and substituted its own discretion for that of an administrative agency.

Johnson replies that the findings made by ABC were not supported by substantial, reliable, and probative evidence, particularly as to the tavern's reputation for decency and law obedience and that the conclusions of law based upon such findings and the resulting Order of ABC based on those conclusions is illegal, arbitrary, and capricious, and constituted an abuse of discretion by ABC.

As to ISSUE TWO, ABC contends that a court reviewing a determination by an agency may not directly compel the issuance or renewal of a permit. The court may only remand the case to the agency for further proceedings not inconsistent with the court's decision.

Johnson argues that because there was insubstantial evidence of probative value to sustain ABC's findings of fact and the Order based thereon, she is therefore legally entitled to the permit. It is within the authority of the reviewing court to compel an agency action which was unlawfully withheld or unreasonably delayed.

Appellant ABC has raised other questions for consideration in its Brief which concern trial court error in ordering ABC to produce a transcript of the proceedings held before it and

the court's finding that Johnson's property right in the permit entitled her to renewal. Because this case is reversed for the reasons indicated in our discussion of ISSUES ONE and TWO, we need not consider these questions.

## DECISION

ISSUE ONE.

CONCLUSION—Because there was substantial, reliable, and probative evidence to support the ABC's denial ▮ order, the trial court exceeded the permissible scope of judicial review in setting aside such an administrative decision.

The record before the ABC at the hearing to determine if Johnson's permit should be renewed is replete with extensive testimony from responsible persons (and admissions from the Johnsons) which can only be characterized as substantial evidence in support of the denial order.

The outer reaches of judicial review of a decision of an administrative agency are defined in the A.A.A., IC 1971, 4-22-1-18, Ind. Ann. Stat. § 63-3018 (Burns 1961) (hereinafter § 3018), which provides in pertinent part as follows:

"63-3018. JUDICIAL REVIEW — PROCEDURE. — On such judicial review *such court shall not* try or *determine said cause de novo,* but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [§§ 63-3001—63-3030].

"On such judicial review *if* the agency has complied with the procedural requirements of this act, and *its* finding, *decision* or determination *is supported by substantial, reliable and probative evidence, such agency's finding,* decision or determination *shall not be set aside* or disturbed.

"If such court finds such finding, decision or determination of such agency is:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(2) Contrary to constitutional right, power, privilege or immunity; or

"(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(4) Without observance of procedure required by law; or

"(5) *Unsupported by substantial evidence,*

the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed." (Emphasis supplied.)

The trial court in setting aside the ABC denial order found that order to be arbitrary and capricious and not in accordance with law. The grounds stated for this conclusion consist of various reasons which would presumably militate in favor of granting renewal (Johnson had never been arrested, nor had any arrest taken place in the tavern, and the true reason for the denial of the permit renewal was the unsavory record of petitioner's husband, etc.).

In effect, the trial court ignored substantial evidence in support of the denial order and arbitrarily substituted its judgment for that of the ABC by weighing the evidence and creating standards for permit renewal having no basis in law.

Review by the trial court of the actions of an administrative board pursuant to § 3018 is not a trial de novo, but is a review of the facts appearing in the record of the agency's proceedings which led to its decision.

*"The board, not the court, determines the issues of fact. The court cannot weigh conflicting evidence* which appears in the record of the board's hearing for the purpose of determining for whom it preponderates. (Citation omitted.)

"If there is any substantial evidence to support the finding of the board, the court may not disturb the board's decision. (Citation omitted.)" (Emphasis supplied.) *Walden* v. *Indiana State Personnel Board* (1968), 250 Ind. 93, 103, 235 N.E.2d 191, 197.

Indiana courts have consistently held that the above-quoted interpretation of § 3018 to be the proper scope of judicial

review of a court engaged in review of an agency's decision:
*Pendleton Banking Co.* v. *Dept. of Financial Institutions*
(1971), 257 Ind. 363, 274 N.E.2d 705; *Indiana Alcoholic Beverage Commission* v. *Lamb* (1971), 256 Ind. 65, 267 N.E.2d
161; *Uhlir* v. *Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312;
*Dept. of Financial Institutions* v. *State Bank of Lizton* (1969),
253 Ind. 172, 252 N.E.2d 248; *Board of Medical Registration
and Examination* v. *Armington* (1962), 242 Ind. 436, 178
N.E.2d 741; *Indiana Board of Pharmacy* v. *Horner* (1961),
241 Ind. 326, 172 N.E.2d 62.

Administrative fact finding is a sacred cow. The Legislature
has ordained in the A.A.A. (and elsewhere) that the judiciary
shall not violate this exclusive right of the administrative agency. Weighing evidence is forbidden fruit
to the reviewing court.

Chief Justice Arterburn described the restraint on judicial
review in *Dept. of Financial Institutions* v. *State Bank of
Lizton, supra* at 177, 252 N.E.2d at 251:

> "The record shows that the trial court reached its own
> conclusions as to the merits determined from the evidence
> presented and made its own special finding of fact, contrary to the decision of the administrative body. *This the
> trial court has no right to do unless the evidence and finding
> of the administrative body is undisputed and uncontradicted
> and only one decision can follow.* The trial court, in reviewing the administrative action, has no right to weigh conflicting evidence and choose that which it sees fit to rely
> upon. The statute gives this fact-finding function to the
> administrative body." (Emphasis supplied.) See also, *Public Service Commission* v. *City of Indianapolis* (1956), 235
> Ind. 70, 131 N.E.2d 208; *Public Service Commission of Indiana* v. *Chicago, I. & L. Ry. Co.* (1956), 235 Ind. 394, 132
> N.E.2d 698.

Johnson simply failed to discharge her burden of proof that
the ABC decision fell within one or more of the five subdivisions of § 3018, and therefore was subject to
being set aside. *Lizton* also illustrates this requirement:

"We further point out that the law is overwhelming in Indiana that *the burden is on the party seeking to upset an administrative order* to show in the administrative appeal and review in the trial court that there are no substantial facts to support the finding or that the action was arbitrary and capricious and outside the jurisdiction or authority of the [agency]." (Emphasis supplied.) 253 Ind. at 176, 252 N.E.2d at 251.

The trial court had no right to set aside the ABC denial order because the evidence was disputed and contradictory and did not lead inescapably to one conclusion as a matter of law. *Metropolitan Board of Zoning Appeals of Marion County, etc.* v. *Standard Life Insurance Co. of Indiana* (1969), 145 Ind. App. 363, 251 N.E.2d 60; *Metropolitan Board of Zoning Appeals of Marion County* v. *Mullin* (1971), 150 Ind. App. 450, 276 N.E.2d 579; *Metropolitan Board of Zoning Appeals of Marion County, 2nd D.* v. *Rumple* (1973), 261 Ind. 214, 301 N.E.2d 359.

ISSUE TWO.

CONCLUSION—The trial court erred in ordering ABC to "forthwith issue" a renewal permit to Johnson.

As indicated above, § 3018 only allows the reviewing court to:

". . . order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed."

The express intent of this part of the statute is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency's decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to

compel agency action as part of the initial review function. It may only remand the cause for rehearing.

This was the view of Justice Givan interpreting § 3018 in *Indiana Alcoholic Beverage Commission* v. *Lamb, supra.* It was error, the Supreme Court said, for the trial court to set aside the order of the Alcoholic Beverage Commission denying renewal of an alcoholic beverage permit and at the same time order the permit renewed.

Placing such a limit on a reviewing court's power is not an over-refinement. The statutory intent is to keep the courts out of the fact finding business, as is witnessed not only by § 3018, but by the specific terms of IC 1971, 7-2-1-14, Ind. Ann. Stat. § 12-443 (Burns 1956), which directs in sweeping language that:

"(b) *All liquor* retailer's permits, liquor dealer's permits, wine retailer's permits, wine dealer's permits, malt beverage retailer's permits and malt beverage dealer's permits *shall be issued, suspended or revoked in the absolute discretion and judgment of the commission. No court shall have jurisdiction of any action, either at law or in equity, to compel the issuance of any such permit, or to revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission suspending or revoking any such permit,* and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity." (Emphasis supplied.)

In *Lamb* the court also considered another statute, IC 1971, 7-2-3-3, Ind. Ann. Stat. § 12-549 (Burns 1956), which it said restricted the reviewing court to remanding the case for rehearing. It reads:

"Whenever any application for the renewal of any permit to sell any alcoholic beverage at retail is denied by the Indiana Alcoholic Beverage Commission, the applicant may seek judicial review thereof by following the applicable provisions of the Administrative Adjudication Act. . . ."

In applying § 549 and § 3018 to the fact situation of that case, which was not dissimilar to the one before us, the court concluded:

"The trial court in the instant case by taking the initiative and ordering the board to grant the three-way permit which was applied for by the appellees has obviously substituted its discretion for that of the board and come to its own conclusions on the merits of the case, contrary to the holding of this Court in the *State Bank of Lizton* case, *supra*."

". . . neither does the record contain evidence which would justify the Marion County Superior Court in finding that the license renewal should be issued. The record before us does not justify . . . the order of issuance of the permit." 256 Ind. at 70, 267 N.E.2d at 164.

The record contains no indication that ABC action was "unlawfully withheld or unreasonably delayed", so there was no justification for the trial court to order ABC to issue a renewal permit.

For these reasons, the judgment of the trial court is reversed and the decision of the ABC reinstated.

White and Sullivan, JJ., concur.

NOTE.—Reported at 303 N.E.2d 64.