JOHN SMOCK, ARTHUR ROBINSON, DALE STONE, EDWARD KNARTZER, INDIVIDUALLY AND AS MEMBERS OF INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.* CLARENCE COOTS.

[No. 2-373A71. Filed August 26, 1975. Rehearing denied October 1, 1975. Transfer denied June 30, 1976.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellants.

*White and Jester,* of Indianapolis, *Joseph F. Quill, John G. McNutt,* of Indianapolis, for appellee.

WHITE, J.—This is an appeal by the members of the Alcoholic Beverage Commission (Commission) from a judgment entered by the trial court pursuant to the Administrative Adjudication and Court Review Act (Ind. Ann. Stat. § 4-22-1-1 *et seq.* [Burns Code Ed., 1974]), which judgment both reversed a prior decision of the Commission denying the appellee-Coots' application for a package store permit and ordered the Commission to issue said permit.

We reverse.

The 1970 Decennial Census established the official population of the City of Salem, Washington County, at 5,041 persons, the first time the population of that city exceeded 5,000. Ind. Ann. Stat. § 7-1-4-6 (Burns Code Ed.), in effect at that time,[1] provided:

> "Only one (1) package liquor store dealer's permit shall be granted in each incorporated town or city for each five thousand (5,000) persons or fraction thereof as determined by the last decennial United States census."

On February 22, 1971, Clarence C. Coots, the appellee herein, filed an application for a package store permit with the Washington County Alcoholic Beverage Board. Two other applications were subsequently filed, one by Chester Nichols on April 12, 1971, and one by Everett Wolfe on May 10, 1971.

On May 13, 1971, the local board held a public hearing on the applications of Coots and Nichols. A number of citizens appeared and spoke against the issuance of another license in that city. Both applications were rejected. The record filed herein does not contain an official statement by the local board but the evidence suggests that that board was not satisfied with the census figures and/or not persuaded that an additional license would be in the public interest. The rejection of Coots' application might also have been influenced by the

---

1. The present statute is Ind. Ann. Stat. § 7.1-3-22-5 (Burns Code Ed., 1974 Supp.), which contains the same population quota but begins "The commission may issue only one. . . ."

fact that after the filing of his application he had been arrested for, and convicted in the city court of, public intoxication. His conviction was then on appeal to the Circuit Court.

On June 10, 1971, the local board held a hearing on Wolfe's application, at which time it was determined that Wolfe's proposed site did not satisfy the standards of the State Fire Marshal. Once again the record does not contain a formal statement of the board's action but it is clear that the application was not rejected. The evidence is not clear whether the board approved the application at that time pending satisfactory repair of the building or tabled the application to be reconsidered after satisfactory repair of the building. In any event, the building was repaired and on December 7, 1971, the board formally approved Wolfe's application. (That approval was not given at a duly advertised public hearing; Wolfe himself claims his first knowledge of it came from reading the newspaper.)

Between the rejection of their applications on May 13, 1971, and the granting of Wolfe's application, both Coots and Nichols were trying to have their rejections reviewed by the Commission, and finally a hearing on all three applications was had on January 24, 1972. All three applicants and many remonstrators appeared and were heard.

Subsequent to the hearing the Commission issued written findings of fact and conclusions of law which may be summarized and paraphrased thus:

1.  That Nichols and Wolfe are personally qualified to own and operate a package liquor store, but Coots is not;
2.  That based on the 1970 census figures the Commission does have the authority to issue another package store permit in Salem, but since there are ten (10) retail alcoholic beverage outlets of various kinds in Salem, it would not be in the public interest to do so.

The Commission thereupon denied all three applications.

Coots was dissatisfied with the determination and sought judicial review thereof in the Superior Court of Marion

County, Room 6. Nichols and Wolfe did not themselves seek judicial review and were not made parties to Coots' action.

After argument and review of the record that Court entered its judgment on December 18, 1972, based on findings which can be summarized and paraphrased thus:

1. That Coots was personally qualified to hold a liquor store permit.[2]

2. That the Commission's conclusion of law that it is not required to issue the full number of permits that might be authorized by law is arbitrary, capricious and an abuse of discretion.

3. That the local board, by approving Wolfe's application, had determined that it would be in the public interest to issue another package store permit in Salem and the Commission's finding to the contrary was arbitrary, capricious and contrary to law.

4. That Coots was qualified for such a permit and had filed his application two months prior to any other applicant and thus the denial of his application was arbitrary, capricious and contrary to law.

The Court then specifically ordered the Commission to issue a package store permit to Coots.

The Commission duly filed its Motion to Correct Errors alleging two (and only two) errors on the part of the trial court:

"1. The court erred in finding that the determination of the Indiana Alcoholic Beverage Commission denying plaintiff Clarence C. Coots a package liquor store dealer's permit was arbitrary, capricious, and an abuse of discretion.

"2. The court erred in its ordering the Commission to issue to plaintiff a package liquor store dealer's permit."

The memorandum filed in support of that Motion clearly indicates that the alleged errors presented to the trial court,

---

2. The State had moved for, and been granted, a *nolle prosequi* of the charges against Coots and his conviction had been set aside. In the memorandum filed with its Motion to Correct Errors the Commission specified that the dismissal of that charge had removed any question of Coots' qualifications. (Of the three applicants, only Coots had previously been licensed by the Commission. He had owned a tavern for 10 years and had never been charged with a violation.)

and preserved for appeal to this Court, raise as issues here these two abstract questions of law.

1. Is the Alcoholic Beverage Commission required to issue the maximum number of retailer permits authorized by statute?

2. Does a reviewing court have the power to order the issuance of a permit?

## I.

Two relevant statutes were in effect at the time Coots filed his petition for judicial review. The first was Ind. Ann. Stat. § 7-1-1-5 (Burns Code Ed. 1972.)[3], which provided in pertinent part:

"The alcoholic beverage commission of Indiana shall have and exercise the following function, duties and powers, to-wit:

\* \* \*

"(2) To grant or refuse to grant, in its discretion, except as otherwise provided in this act all permits in respect to or for the manufacture, importation, bottling, keeping, giving away, furnishing, possession, transportation, sale and delivery of alcoholic beverages, and to revoke any permit whatsoever, the granting or revoking of which is authorized by this act. . . ."

The second was Ind. Ann. Stat. § 7-1-1-20 (Burns Code Ed.)[4] which provided in pertinent part:

". . . said commission may grant or refuse said application [for a package store permit] accordingly as it deems the public interest will be best served by granting or refusing the same."[5]

---

3. A similar, though not identical, provision is presently contained in Ind. Ann. Stat. § 7.1-2-3-9 (Burns Code Ed., 1974 Supp.).

4. For similar language in the present law see Ind. Ann. Stat. § 7.1-3-19-10 (Burns Code Ed., 1974 Supp.).

5. Other portions of this statute (and of Ind. Ann. Stat. § 7-2-1-14 [Burns Code Ed.]) that prohibited judicial review of an application denial were superseded by Acts of 1969, ch. 390, § 3, which authorized judicial review of the denial of "any application for the issuance or renewal of any permit. . . ." Acts 1972, P.L. 61, § 3, amended the 1969 Act by deleting the right of judicial review of the denial of an application for the issuance of a permit. Section 6 of the 1972 Act provided that it should not apply to any proceedings instituted prior to April 1, 1972. (Coots instituted these proceedings February 22, 1972.) The present law, Ind. Ann. Stat. § 7.1-3-23-1 (Burns Code Ed., 1974 Supp.) does not authorize judicial review of denials of applications for the

Both the Commission in its order and the lower court in its judgment referred to and quoted from the first of the above statutes (§ 7-1-1-5) ; neither specifically cited the second statute (§ 7-1-1-20), but the Commission did use its language in describing, as a conclusion of law, the standard for issuing a permit.

As to the first statute (§ 7-1-1-5), the trial court made the following finding:

> "12. The Court finds that the conclusion of law contained in paragraph 7 to the effect that the Alcoholic Beverage Commission '. . . is empowered to grant or refuse to grant in its discretion, except as otherwise provided in this Act, all permits in respect to or for manufacture, importation, bottling, keeping, giving away, formulating, possession, transportation, sale and delivering of alcoholic beverages.' The Act otherwise provides that 'Only one (1) package store dealers permit shall be granted in each incorporated town or city for each Five Thousand (5,000) persons or fraction thereof, as determined by the "last" decennial United States census' (IC 7-1-4-6) and that the '. . . classifications and differentiations herein made and/or authorized to be made, are actually and substantially related to the accomplishment of the object of this Act [Alcoholic Beverage Act of 1935] and necessary to effectuate its purpose . . .' (IC 7-1-1-1) and that the qualification of a person as a licensee, if satisfactory, is consistent with the accomplishments of the object of the Act and the judgment in derogation thereof is arbitrary, capricious and an abuse of discretion."

Thus the trial court found that the discretion granted the Commission by Ind. Ann. Stat. § 7-1-1-5 (Burns Code Ed., 1972) is limited by the terms of the Alcoholic Beverage Act, and that the Act describes those population differentiations contained therein as "actually and substantially related to the accomplishment of the purposes of the Act", and the court then concluded that since the Act based the number of package store permits to be issued on a population differentia-

issuance of a permit. Since the question is not before us, we express no opinion on whether the failure of the present law to authorize judicial review amounts to an unconstitutional prohibition of judicial review. See generally *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 105, 26 N.E.2d 399.

tion it established the specific number of permits to be issued in any given incorporated area.

Several applicable principles of statutory construction lead us to the conclusion that by the provisions of § 7-1-4-6 the legislature intended to place a ceiling on, but not a floor under, the number of permits that may be issued in a given population classification.

1. Words used in a statute are to be taken in their plain, or ordinary and usual, sense. Ind. Ann. Stat. § 1-1-4-1 (Burns Code Ed., 1972). The second definition given for the word "only" in *The Random House Dictionary of the English Language* (Unabridged Ed., 1967) is "2. no more than; merely; just."

2. "A word or a clause in a statute is to be treated as surplusage only when no other possible course is open." *Lincoln National Bank & Trust Co.* v. *Nathan* (1939), 215 Ind. 178, 187, 19 N.E.2d 243. To have a statute that would unambiguously impose a lower as well as an upper limit one would need only delete the word "only" from IC 1971, 7-1-4-6; to interpret that statute in its present form as imposing a lower limit is to treat the word "only" as surplusage.

3. Statutes in *pari materia* should, if possible, be construed together and harmonized to effectuate the intent of the Legislature. *Wayne Township* v. *Brown* (1933), 205 Ind. 437, 186 N.E. 841. While § 7-1-4-6 is not part of the Alcoholic Beverage Act of 1935,[6] the two are unquestionably in *pari materia*. One of the major purposes of the 1935 Act, as noted in the title and stated in Section 2 thereof, is "that the use of intoxicating liquor as a beverage may be limited and temperance encouraged", a purpose that would surely be defeated if the Alcoholic Beverage Commission were required by § 7-1-4-6, to issue at least one package

---

6. It is in fact part of Acts of 1951, ch. 207, a separate, albeit supplemental, act.

store permit in every incorporated area, no matter how small,[7] and to issue a permit every time the population of an incorporated area exceeds some multiple of 5,000 by 1.

Thus § 7-1-4-6 (now § 7.1-3-22-5) does permit the Commission to exercise discretion in determining the number of package store permits to be issued in any given incorporated area, a discretion to be exercised as the Commission "deems the public interest will be best served" (IC 1971, 7-1-1-20).

In the instant case the Commission found that there already were ten retail outlets for alcoholic beverages in a city of 5,041 population and that it would not be in the public interest to authorize a 10% increase in the number of retail outlets. We cannot say that that finding, and the application denial resulting therefrom, was either arbitrary or capricious or an abuse of discretion. Instead, we hold that the trial court erred when it found that the Commission was required to issue an additional permit for a package store in the City of Salem. There was, therefore, no occasion for the court to order the Commission to issue a permit to Coots. But we also note that it has been held that such orders are not within the authority of the reviewing court. *Indiana Alcoholic Beverage Commission* v. *Lamb* (1971), 256 Ind. 65, 267 N.E.2d 161; *Indiana Alcoholic Beverage Commission* v. *Johnson* (1973), 158 Ind. App. 467, 303 N.E.2d 64.

The judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported 333 N.E.2d 119.

---

7. According to the 1970 Decennial Census eight incorporated towns have a population of less than 100 people (Marion County excluded).