484 N.E.2d 568 (1985)
In the matter of T.H., a Minor, Appellant (Petitioner below).
No. 1085S422.
Supreme Court of Indiana.
October 29, 1985.
*569 R. Paulette Stagg, Terre Haute, for appellant.
Jessie A. Cook, Terre Haute, for appellee.
PIVARNIK, Justice.
This is a direct appeal from the Vigo Juvenile Court brought by Minor T.H., through her court appointed counsel, R. Paulette Stagg. Her petition, brought pursuant to Ind.R.App.P. 16, seeks a waiver of parental consent to abortion under Ind. Code § 35-1-58.5-2.5 (Burns Supp. 1984). The petition was filed on October 15, 1985, and was denied by the trial court on October 17, 1985.
It is T.H.'s contention that the trial court's judgment is contrary to the evidence in that said evidence is uncontroverted that she is mature enough to make the abortion decision or that an abortion would be in her best interest. The cause was submitted to the juvenile court referee who recommended to the juvenile judge waiver of the requirement of the legal guardian's consent. The trial judge, however, denied the petition.
The facts showed parental rights of T.H.'s parents had been terminated in 1978 and 1979, and the Department of Public Welfare has had full legal guardianship over her since that time. She was placed by the Department in a foster home arrangement. Sometime in June, 1985, T.H. engaged in intercourse. During the following months she continued to spot periodically, leading her to believe she was continuing with her menstrual periods. When she began gaining weight she believed that she might be pregnant and on October 7, 1985, expressed those thoughts to her foster mother.
A test conducted by the family physician confirmed that T.H. was pregnant. On October 10, 1985, T.H. and her foster mother relayed this information to the Vigo County Department of Public Welfare. T.H. was informed at that time that the Department would not give its consent to her decision to terminate the pregnancy. T.H. had expressed a desire for an abortion from the time she believed she was pregnant. The Department did discuss adoption as an alternative for T.H., and told her they would handle all arrangements for her, including placement for adoption. T.H. was fully advised of her alternatives which included termination of the pregnancy by abortion, delivery of and placement of the infant for adoption, or delivery and retention of the infant. All of these alternatives were explained to T.H. by the Planned Parenthood organization of Terre Haute and also by the Family Service Association. T.H. expressed her desire to terminate the pregnancy. The reasons given for her choice were that her continued pregnancy *570 and delivery of a child would affect her image with boys, who were bound to find out about it, and further that she wished to continue her education and make something of herself. She felt these goals would be unattainable should she decide to continue the pregnancy to full term. Reports of two doctors are filed with this petition, along with testimony regarding the results of a sonogram. Petitioner's Exhibit A is a report made by Dr. French as a result of an examination of T.H. on October 9, 1985, indicating that she was approximately eighteen (18) to twenty (20) weeks pregnant. A sonogram examination performed just prior to the October 17th hearing indicated a pregnancy of twenty-three (23) weeks. Petitioner's Exhibit B, which is not dated but was testified to as having been taken on the morning of the hearing, October 17, was a second report by Dr. French. In it he testifies that he suspected the pregnancy to be at eighteen (18) weeks or slightly less. He further indicated in his report:
"In my opinion even if fetus is 23 weeks gestation it would not be viable if delivered."
The records were certified and filed with this Court on October 21, 1985. This Court indicated in In re the Matter of T.P. (1985), Ind., 475 N.E.2d 312, 314, the standards to be applied in this type of appeal as follows:
"This is the first appeal brought to this Court under the statutory scheme of Ind. Code 35-1-58.5-2.5. We interpret the standards to be applied in this appeal to be the same as those utilized in reviewing all other appeals. In other words, we will not substitute our judgment for that of the trial judge when reviewing evidence and we will not interpret facts or the credibility of witnesses in substitution of his judgment. See generally Martin v. Roberts (1984), Ind., 464 N.E.2d 896 [standard for review of evidence in civil transfer cases]; Ballard v. State, (1984) Ind., 464 N.E.2d 328 [standard for review of evidence in criminal appeal cases]; Indiana Alcoholic Beverage Commission v. Lamb (1971), 256 Ind. 65, 267 N.E.2d 161 [standard for judicial review of administrative decisions]. Our review is strictly limited to determining that the trial judge followed the law in applying the procedure outlined by the statute and properly exercised his discretion in making a judgment."
T.H. claims the trial court erred by denying her petition since the evidence was uncontroverted that she was mature enough to make the independent decision, as indicated by the referee's findings and recommendation. She further claims the trial judge entered judgment contrary to the referee's recommendations without even reading the record and without giving reasons for his decision. The only other witnesses offering testimony at the hearing were her foster mother and Welfare Supervisor Susan Lesko. Her foster mother stated that she discussed the situation with T.H. and felt that T.H. was mature enough to make this decision. Susan Lesko also testified she thought T.H. was mature enough to make this decision. However, she testified she had talked to T.H. only one time, for about one and one-half hours.
The trial judge did deny T.H.'s petition without making any findings or conclusions and without indicating whether he had reviewed the evidence heard by the referee. Accordingly, on October 24, 1985, this Court remanded the cause to the trial judge for the findings and conclusions upon which he based his judgment. On October 25, 1985, the record, in the form of a transcription, was transported to the trial court. That same day the trial judge complied with our request and filed his findings, conclusions and judgment, which were certified to us by the Clerk of the Vigo Circuit Court Juvenile Division. The trial judge indicated he had reviewed all of the evidence in the cause, including the testimony of T.H., and concluded that T.H. did not show sufficient maturity to warrant the granting of her petition. The trial judge found the conflict in evidence, indicating the pregnancy could be at a term *571 anywhere from eighteen (18) to twenty-three (23) weeks, crucial with regard to the question of the viability of the fetus and the attendant hazards to T.H. were an abortion to be performed. The trial judge resolved the conflict by denying the petition for waiver.
As we have indicated above it was within the trial judge's province to weigh all the facts and circumstances and determine whether it appeared T.H. was mature enough to make a reasoned judgment overruling the Welfare Department's position and further to determine whether it was in her best interest to grant the waiver of consent and therefore allow the termination of the pregnancy. The trial judge had before him a fourteen (14) year-old minor, who, at the time of the hearing, was between eighteen (18) and twenty-three (23) weeks pregnant. A sonogram examination had indicated a pregnancy of twenty-three (23) weeks. Dr. French indicated at that time the pregnancy might be eighteen (18) weeks or less but still felt the fetus would not be viable even if it were twenty-three (23) weeks. The report by Dr. French on October 9, a week earlier, indicated a pregnancy of eighteen (18) to twenty (20) weeks. The trial court also had before it testimony that indicated the legal guardian, the Department of Public Welfare, through its director, would not consent to the abortion and had offered, and would provide, all medical care for T.H.'s needs, including placement of the child for adoption. The trial court thus had before it sufficient facts and circumstances to determine whether T.H. demonstrated sufficient maturity to make this independent judgment and whether it would be in her best interest.
In view of the record before us in the instant case, we see no grounds to reverse the trial court.
The judgment of the trial court is affirmed.
GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.